UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUG J. S.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00961-RLY-MKK |
| | ) | |
| FRANK BISIGNANO As Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OVERRULING OBJECTION AND ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Doug S. requests judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his "request to reopen" his prior claim for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges that his mental impairments prevented him from timely seeking reconsideration after the claim's initial denial in 2014 and that "new and material evidence" supported his requests to reopen in 2016 and 2018.

The court referred the matter to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge issued a report and recommendation recommending that the court reverse the Commissioner's decision and remand the case

[1] To protect the privacy of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

for further consideration of whether he established "good cause" for failing to timely seek intra-agency review of his Title II claim. (Dkt. 18 at 2). The Commissioner objected. (Dkt. 19).

The court, having reviewed the Commissioner's objection, the report and recommendation, the briefs, the record, and the applicable law, finds that the Commissioner's objection should be **OVERRULED**.

The Magistrate Judge found that the ALJ effectively made a good cause determination under Social Security Regulation ("SSR") 91-5p—giving the court jurisdiction to review the claim—when she said "Social Security Ruling 91-5p . . . does not apply in this case." (Dkt. 18 at 16). The Commissioner objects that Plaintiff did not raise that argument. But Plaintiff argues that *Boley v. Colvin*, 761 F.3d 803, 807 (7th Cir. 2014), permits this court to review a good cause determination under SSR 91-5p, and the only way for the court to review a good cause determination is if the ALJ made one. Plaintiff's argument necessarily assumes that the ALJ made a good cause determination. And because the court agrees with the Magistrate Judge that, in context, the ALJ implicitly found that Plaintiff did not establish good cause, the court rejects the Commissioner's argument.

The Commissioner's other objection, that the ALJ could not grant Plaintiff relief he did not seek, is equally unavailing. From the beginning, Plaintiff sought to have his case reopened because of new and material evidence, and he filed the request late because of his mental incapacity. He argued that he has good cause for an extension of time to reopen the case because of his mental incapacity. Therefore, even if he did not

label the arguments correctly or associate them with the proper regulation, he presented the argument that good cause existed under SSR 91-5p. Whether Plaintiff followed the proper procedures or lacks good cause is of no matter because those are questions to be dealt with on remand. All that matters for the court is that it has jurisdiction to review Plaintiff's appeal. Because Plaintiff presented a good cause argument, and the ALJ denied it, the court can review the claim under *Boley*. *See* 761 F.3d at 806–08. Thus, the court rejects the Commissioner's objection.

Remand is appropriate so the ALJ can articulate whether Plaintiff has established good cause for failing to timely seek intra-agency review of his Title II application under 20 C.F.R. § 404.911 and SSR 91-5p.

The Commissioner's objection is **OVERRULED**. (Dkt. 19). This action is **REMANDED** to the ALJ for further proceedings.

**IT IS SO ORDERED** this 27th day of August 2026.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribute Electronically to Registered Counsel of Record.